IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51281
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS AYALA-GUZMAN, also known as
Carlos Sanchez, also known as David Bravo,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CF-1057-DB
--------------------
August 2, 2002

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Court-appointed counsel representing Carlos Ayala-Guzman has

moved for leave to withdraw and has filed a brief as required by

Anders v. California, 386 U.S. 738 (1967).  Ayala-Guzman has not

filed a response.

Our independent review of counsel's brief and the record

discloses one possible nonfrivolous issue.  Ayala-Guzman's

offense level and sentence were increased for his having been

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

deported after a prior aggravated-felony conviction which was not alleged in his indictment. An argument that the prior conviction should have been alleged in the indictment is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). However, the continuing validity of Almendarez-Torres has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 489 (2000)(finding it "arguable that Almendarez-Torres was incorrectly decided"). Counsel could have raised the issue on appeal in order to preserve it for Supreme Court review in light of Apprendi.

Because our independent review of the record has revealed this possible nonfrivolous issue for appeal, we deny counsel's motion to withdraw. By our denying the motion to withdraw, Ayala-Guzman preserves the Almendarez-Torres issue for further review. We pretermit further briefing, however, and AFFIRM the judgment of the district court because Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 490; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000)(noting that the Supreme Court in Apprendi expressly declined to overrule Almendarez-Torres), cert. denied, 531 U.S. 1202 (2001). This court must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation and citation omitted).

Accordingly, counsel's motion for leave to withdraw is DENIED, and the decision of the district court is AFFIRMED.